UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONA MATOS,<br><br>        Plaintiff,<br><br>-against-<br><br>NEWTOWN BAR LLC d/b/a LAS CATRINAS, KONSTANTINO PHILIPPOU, ANASTASIO POUVONE, and LUKASZ SZYDLOWSKI,<br><br>        Defendants. | Index No.:<br><br>**COMPLAINT**<br><br>**Collective Action Complaint** |

Plaintiff DONA MATOS ("Plaintiff" or "Ms. Matos"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants NEWTOWN BAR LLC d/b/a LAS CATRINAS ("Las Catrinas", the "Company" or the "Corporate Defendant") KONSTANTINO PHILIPPOU, ANASTASIO POUVONE, and LUKASZ SZYDLOWSKI ("Individual Defendants") as follows:

### NATURE OF THE ACTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), New York Labor Law § 650 *et seq.* (NYLL), New York State Human Rights Law, NY Exec Law § 296 et. seq (2015) ("State Law"), and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law"). Plaintiff seeks damages to redress injuries she has suffered as a result of Defendants' failure to pay her properly, disability discrimination, refusal to accommodate, and retaliation.

2. Plaintiff brings this action pursuant to the FLSA and the regulations thereto and NYLL and the New York Commissioner of Labor's Wage Order (the "Wage Orders,")

codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions Defendants committed:

    i. Defendants' failure to pay Plaintiff, who worked in excess of forty (40) hours per week, proper overtime compensation required by federal and state law and regulations;

    ii. Defendants' failure to pay Plaintiff at the required New York State minimum wage;

    iii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195; and

    iv. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6.

3. Additionally, Plaintiff brings this action to challenge Defendants' discriminatory termination of Plaintiff's employment because of her disability, in violation of City and State Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Jurisdiction is conferred on this Court because Plaintiff and Defendants named herein are residents of the State of New York and/or conduct business in the State of New York. Jurisdiction is conferred on this Court as to all causes of action because they arise under

New York State and New York City statutory law.

6. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

7. Pursuant to §8-502(c) of the New York City Human Rights Law, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

**PARTIES**

*Plaintiff*

8. Plaintiff is a New York resident who suffered from a disability due to an injury.

9. Plaintiff was at all relevant times an "employee" within the meaning of State Law, protected from discrimination on the basis of disability.

10. Plaintiff was at all times a "person" within the meaning of City Law, protected from discrimination on the basis of disability.

11. Plaintiff was an individual with a "disability," as defined by State Law and City Law, due to an injury she sustained in a fall.

*Defendants*

12. The Company is a restaurant and bar based in Queens, New York.

13. Upon information and belief, the Company is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 32-02 Broadway, Queens, NY 11106.

14. Upon information and belief, at all times relevant hereto, the Company has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

15. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.

16. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

18. Upon information and belief, Individual Defendants reside in the State of New York and are owners, managers and/or employees of the Corporate Defendant.

19. Individual Defendants possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

20. Individual Defendants approve the payroll practices for Corporate Defendant's employees, including Plaintiff.

21. Individual Defendants possess operational control over the Corporate Defendant and its employees through financial control over the Corporate Defendant.

22. Individual Defendants are individually sued in their capacity as owners, officers, employees, and/or agents of the Corporate Defendant.

23. Individual Defendants exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employers under FLSA and New York State Labor Law ("NYLL").

24. At all relevant times hereto, the Company has continuously been doing business in the State of New York and the City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of State Law and City Law.

25. Defendant Szydlowski is an owner and/or manager of the Company and at all relevant times held supervisory authority over Plaintiff by, inter alia, setting Plaintiff's schedule, assigning tasks to Plaintiff, and taking disciplinary action against Plaintiff.

26. Defendant Szydlowski was Plaintiff's employer.

27. Defendant Philippou is an owner and/or manager of the Company and at all relevant times held supervisory authority over Plaintiff by, inter alia, setting her rate of pay. Defendant Philippou's name appeared on Plaintiff's termination letter.

28. Defendant Philippou was Plaintiff's employer.

29. Defendant Pouvone is an owner and/or manager of the Company and at all relevant times held supervisory authority over Plaintiff by, inter alia, setting her rate of pay.

30. Defendant Pouvone was Plaintiff's employer.

## FACTUAL ALLEGATIONS

### *Background regarding Plaintiff's Employment*

31. On May 7, 2017, Plaintiff commenced employment with Defendants as a cook.

32. At all times during her employment, Ms. Matos was qualified for her position and carried out her job duties with diligence and care.

33. Plaintiff was promoted to a sous chef position in recognition of her skill and effort.

34. Plaintiff performed the grocery shopping for Las Catrinas on top of her kitchen prep duties.

*35.* While the restaurant was open during the height of the COVID-19 pandemic, Ms. Matos was often the only cook working in the kitchen.

### *Defendants' Wage and Hour Violations.*

36. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that Defendants have been violating federal and state law and that Plaintiff has been and continues to be economically injured.

37. Defendants have maintained a policy and practice to not pay Plaintiff in accordance with federal and New York State law.

38. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations when Plaintiff worked in excess of forty (40) hours per week.

39. Defendants have maintained a policy and practice of failing to provide Plaintiff with wage notices and proper paystubs.

40. Plaintiff worked for Defendants from May 7, 2017 until May 22, 2021, when Defendants terminated her.

41. Throughout her employment with Defendants, Plaintiff worked seven days per week.

42. For the first two years of her employment, Plaintiff was paid $10.50 per hour.

43. For the second two years of her employment, Plaintiff was paid $15.00 per hour.

44. Starting on December 31, 2017, Plaintiff's wage should have been raised to $12.00 per hour.

45. On December 31, 2018, Plaintiff's wage should have again been raised to $13.50 per hour.

46. However, Defendants continued to pay Plaintiff $10.50 per hour until May 2019.

47. Plaintiff's wage was therefore below the required New York State minimum wage throughout 2018 and part of 2019.

48. For the first two years of her employment, Plaintiff was scheduled to work from 11:00 a.m. until 8:00 p.m., and sometimes as late as 9:00 p.m.

49. For the last two years of her employment, Plaintiff was scheduled to work from 4:00 p.m. until 12:00 a.m.

50. Plaintiff was never permitted to take her legally required half-hour break and was only ever able to leave her station for ten minutes at a time.

51. Throughout Ms. Matos' employment, she did not receive the legally required time and a half rate for any hours she worked above 40 per week.

*Notice and Recordkeeping Violations*

52. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

53. Defendants did not provide Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

54. Defendants also did not provide Plaintiff with a paystub specifying each of

the regular and overtime hours she worked and containing all the other information required under NYLL § 195.

55. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Disability Discrimination*

56. On May 22, 2021, Ms. Matos had an accident in the Las Catrinas kitchen. She slipped on spilled water and injured her hip, shoulder, and knee.

57. Defendant Szydlowski dropped her off at the hospital.

58. The doctor who examined Plaintiff at the hospital informed her that she would need to rest for four days before returning to work, and then undergo physical therapy.

59. Defendant Szydlowski picked Plaintiff up from the hospital, at which point Ms. Matos attempted to give him the hospital paperwork.

60. Defendant Szydlowski refused to take the paperwork.

61. Defendant Szydlowski then dropped her off at work, where she was picked up by her niece.

62. On the second day of her rest period, Ms. Matos received a letter of termination from Defendants wrongfully claiming that she was being terminated for theft.

63. However, Defendants actually terminated Ms. Matos due to her injury and resulting disability.

64. In terminating Plaintiff, the Company discriminated against Plaintiff based on her disability.

## COLLECTIVE ACTION ALLEGATIONS

65. Defendants' failure to comply with the FLSA extended beyond the Plaintiff to all other similarly situated employees insofar as Defendants had a policy to pay below the State minimum wage and to fail to pay their employees at one and a half times their regular rate for the hours they worked in excess of 40.

66. Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

67. The consent to sue form for Plaintiff is attached hereto as **Exhibit 1**.

68. Upon information and belief, there are at least 40 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

69. At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the other employees.

70. In bringing this action, Plaintiff is representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## FIRST CAUSE OF ACTION
### (FLSA Overtime Wage Violations)

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

73. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

74. Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(NYLL Overtime Wage Violations)**

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

77. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

78. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment

interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### (NYLL Minimum Wage Violations)

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants failed to pay Plaintiff the required state minimum wage from December 31, 2017 until May 2019.

81. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required state minimum wage rate.

82. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### (NYLL Failure to Notify)

83. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84. Pursuant to §195 of the NYLL, Defendants were required to provide Plaintiff with a wage notice and statements.

85. Defendants failed to provide Plaintiff with a proper wage notice and statements in accordance with §195 of the NYLL.

86. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such wage notice and statements, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
**(Disability Discrimination in Violation of State Law)**

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. Plaintiff's physical impairment as described in this Complaint constitutes a disability.

89. Defendants willfully violated State Law when they refused to accommodate Plaintiff and terminated Plaintiff's employment because of her disability.

90. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

91. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### SIXTH CAUSE OF ACTION
**(Disability Discrimination in Violation of City Law)**

92. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93. Plaintiff's physical impairment as described in this Complaint constitutes a disability.

94. Defendants willfully violated City Law when they refused to accommodate Plaintiff and terminated Plaintiff's employment because of her disability.

95. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

96. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

**SEVENTH CAUSE OF ACTION**
(**Retaliation in Violation of State Law**)

97. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

98. Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation for her disability.

99. By the acts and practices described herein, Defendants intentionally and willfully violated State Law by retaliating against Plaintiff.

100. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

101. As a proximate result of Defendants' unlawful retaliation, Plaintiff has

13

suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## EIGHTH CAUSE OF ACTION
**(Retaliation in Violation of City Law)**

102. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

103. Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation for Plaintiff's disability.

104. By the acts and practices described herein, Defendants intentionally and willfully violated the City Law by retaliating against Plaintiff.

105. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

106. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct; and

F. Plaintiff's costs and reasonable attorneys' fees.

Dated: March 3, 2023
      New York, NY

                              Respectfully submitted,

                  By: *Michael Taubenfeld*
                      Michael Taubenfeld, Esq.
                      FISHER TAUBENFELD LLP
                      225 Broadway, Suite 1700
                      New York, New York 10007
                      Phone: (212) 571-0700
                      Attorneys for Plaintiff

# Exhibit 1

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de NEWTOWN BAR LLC d/b/a LAS CATRINAS, LUKASZ SZYDLOWSKI, o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Dona Matos
_____
NOMBRE

DocuSigned by:
[signature]
309A337720E3490...
FIRMA

2/2/2023
_____
FECHA

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by NEWTOWN BAR LLC d/b/a LAS CATRINAS, LUKASZ SZYDLOWSKI, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Dona Matos
_____
NAME

*/s/ Dona Matos (DocuSigned)*
_____
SIGNATURE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Dona Matos.

*/s/ Estephany Herrera*
_____
ESTEPHANY HERRERA